Russell D. Bevans. OSB #73028
russell.bevans@gmail.com
Christopher D. Bevans, OSB #070948
cbevans33@gmail.com
Bevans & Cooper LLC
895 Country Club Rd., Suite C-175
Eugene, OR 97401
Telephone: (541) 484-0332
Facsimile: (541) 484-0322
Of Attorney for Defendants Roberts

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| FISHING ROCK OWNERS' ASSOCIATION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DAVID ROBERTS and SHARON ROBERTS, <br><br> Defendants. | Case No.: 6:12-cv-00754-AA <br><br> DEFENDANTS DAVID AND SHARON ROBERTS ANSWER AND COUNTER-CLAIMS AND DEMAND FOR JURY TRIAL <br><br> (FEDERAL QUESTION) |

COMES NOW the defendants David Roberts and Sharon Roberts and for answer to plaintiff's complaint, admits, denies, and allege as follows:

### 1

Admits paragraph 1-3 of plaintiff's complaint.

### 2

Admits that Section 5.1 of the Fishing Rock CC&Rs is worded as stated in paragraph 4 of plaintiff's complaint, but denies that Section 5.1 of the Fishing Rock CC&R prohibits the use of real property as a group home for the handicapped, since such a restriction is in direct conflict

Page 1 - Defendants David And Sharon Roberts Answer And Counterclaims

with public policy and with state and federal law.

### 3

Admits that on or about March 9, 2011, defendants advised plaintiff that defendants were going to open and operate an outpatient group home for recovering alcoholics, who are handicapped persons, but denies that opening such a group home for the disabled is in violation of Section 5.1 of the Fishing Rock CC&Rs since such a prohibitive interpretation of Section 5.1 was made null and void by federal or state action.

### 4

Admits that defendants have created a website and signs related to establishing a group home for recovering alcoholics on their real property located within Fishing Rock.

### 5

Except as admitted herein, defendant denies each and every other material allegation contained in said complaint and the whole thereof and requests an award of attorney fees under the terms of paragraph 11.3 of the Restated Fishing Rock Declaration (CC&Rs).

*********

### 6

Further answering and by way of affirmative defense, defendant s allege that plaintiff's complaint fails to state ultimate facts sufficient to constitute a claim for relief against defendants.

*********

### 7

Further answering and by way of first counterclaim for relief against plaintiff, defendant s allege: (Title VII of the Civil Rights Act of 1964; Fair Housing Act of 1968, 42 U.S.C. §§ 3601-3619;

Page 2 - Defendants David And Sharon Roberts Answer And Counterclaims

Fair Housing Amendments Act of 1988; ORS 659A: Failure to Accommodate a Disability)

## JURISDICTION

This action is brought pursuant to under Title VII of the Civil Rights Act of 1964; Fair Housing Act of 1968, 42 U.S.C. §§ 3601-3619; Fair Housing Amendments Act of 1988; ORS 659A.145 and for violation of plaintiff's rights under said titles and statutes.

8

At all material times herein:

    a. Plaintiff is a Home Owners Association (hereinafter "HOA") known as Fishing Rock Home Owners' Association, located in Lincoln County, Oregon. Plaintiff, as HOA, is directly responsible for the revising, enforcing, and monitoring the Conditions, Covenants & Restrictions (CC&Rs) of the Fishing Rock community and creating appropriate rules and regulations thereunder.

    b. Defendants, are the owners of real property located in that private community known as Fishing Rock, which is located in Lincoln County, Oregon. Defendant's real property consists of three adjacent lots. One lot is a residence which the defendants intend to operate as a group home for disabled individuals and the remaining two adjacent lots are vacant, landscaped and used for overflow parking at the residence.

9

Prior to and on or about March 9, 2011, defendant informed plaintiff, through communication with its attorney, Gary C. Hamilton, that defendant intended to open and operate an outpatient group home for recovering alcoholics, who are handicapped persons within the definitions of federal and state law and that said group home would be operated out of defendant's Fishing

1  Rock real property. Thereafter defendants also notified individual members of the HOA

2  leadership of their plans and asked for appropriate accommodation for those plans for a group

3  home for recovering alcoholics and requested approval and accommodation for such action.

4                                                        10

5  On or about June 16, 2011, plaintiff proposed and put into effect new Rules & Regulations for

6  Fishing Rock which were discriminatory against defendants and were intended to be a block to

7  defendant's use of their real property as a group home for recovering alcoholics.

8                                                        11

9  On or about March 15th, 2012, plaintiff filed an action for Declaratory Judgment, Injunction and

10 Other Relief in the Lincoln County Circuit Court for the State of Oregon, case number 120801,

11 in which plaintiff sought to stop defendants from using their property located at Fishing Rock as

12 a group home for handicapped individuals (recovering alcoholics).

13                                                       12

14 Defendants timely removed the plaintiffs action to federal court.

15                                                       13

16 Defendants have a protected liberty interest under Title VII of the Civil Rights Act of 1964 and

17 Fair Housing Amendments Act of 1988 (hereinafter "FHAA") to reasonable accommodations to

18 rules, policies, practices, or services when such accommodations may be necessary to afford

19 persons with disabilities an equal opportunity to use and enjoy a dwelling.

20                                                       14

21 Defendants' civil rights were violated when Plaintiff refused to make reasonable accommodations

22 to its CC&Rs and its Rules & Regulations for defendants' group home for recovering alcoholics

Page 4 - Defendants David And Sharon Roberts Answer And Counterclaims

and then retaliated against defendants by creating rule changes specifically targeted at defendants and their planed use of their real property.

15

As a direct and proximate cause of Plaintiff's refusal to accommodate Defendants' reasonable FHAA requests, Defendants have been damaged as follows:

    a. Defendants have not been allowed to set up its intended group home and rent to handicapped persons as intended and has thus has sustained and will continue to sustain economic damages in the amount of $1,300,000.00, or such additional amount accrued before trial and implementation of defendant's group home, through lost profits from said venture, personal travel expenses and other out-of-pocket expenses relating to job search and to seeking governmental and professional assistance in this matter;

    b. Defendants have suffered emotional pain, anxiety, inconvenience, humiliation, loss of enjoyment of life, and distress, to his compensatory and non-economic damage in the amount of $300,000.00;

    c. Plaintiffs intentional failure to reasonably accommodate an FHAA request and subsequent retaliation demonstrated a wanton, reckless or callous indifference to the civil rights of defendants and warrant the imposition of punitive damages in such amount as the jury may deem appropriate to punish plaintiff for their wanton misconduct and to deter other HOAs from callously disregarding the civil rights of disabled persons.

16

It has been necessary for defendant's to hire an attorney to assist them in protecting their rights in this matter and pursuant to 42 USC 1988, and under the provisions of paragraph 11.3 of the

HOA's restated Fishing Rock Declaration (CC&Rs), defendants are entitled to recover their reasonable attorney's fees and litigation costs incurred herein.

*********

17

Further answering and by way of second counterclaim against plaintiff, defendants allege: (Fair Housing Act of 1968; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 3601-3619; Fair Housing Amendments Act of 1988; ORS 659A.145: Retaliation)

18

Defendants reallege paragraphs 7 -16 of defendant's first counterclaim.

19

Defendants have a protected liberty interest under Title VII of the Civil Rights Act of 1964, Fair Housing Act of 1968, and Fair Housing Amendments Act of 1988 to be free of retaliation or reprisal by their landlord or HOA because of reasonable requests for accommodations to rules, policies, practices, or services when such accommodations may be necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling.

20

Plaintiff retaliated against Defendants by coercing, threatening, intimidating, and/or interfering with defendants attempts to establish a group home for handicapped individuals and by changing the HOA's Rules and Regulations  to specifically target defendants ability to use their real property establish a group home for handicapped individuals.

*********

21

Page 6 - Defendants David And Sharon Roberts Answer And Counterclaims

Further answering and by way of third counterclaim against plaintiff, defendants allege:

(Declaratory Judgment)

22

Defendants reallege paragraphs 7 -16 of defendant's first counterclaim.

23

Defendant asks that the court declare that the recent Rules & Regulations adopted by plaintiff which adversely affect and are discriminatory against defendant's intended group home for handicapped individuals to be null and void for one or more of the following reasons:

    a. They were adopted in violation of the conflict of interest rules;

    b. They were adopted pursuant to an erroneous procedure not in accord with or authorized by the requirements of the Restated Fishing Rock Declaration;

    c. The rules were adopted without meeting the a quorum requirements of the Restated Fishing Rock Declaration;

    d. The rules and regulations attempt to regulate private conduct beyond the reasonable regulation of use of private property.

    h. They are in violation of Title VII of the Civil Rights Act of 1964, Fair Housing Act of 1968, and Fair Housing Amendments Act of 1988, as applied to the group home for handicapped individuals planned by defendants.

24

Defendant asks that the court to specifically declare that section 5.1 of the Fishing Rock CC&R's and rules and regulations to be null and void since its provisions are superseded by state and federal law.

25

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

    a. On Defendants First and Second Claims, judgment for economic damages of $1,300,000.00, plus such increase in the stated damages as may be established by amendment and proof at trial, compensatory or non-economic damages in the amount of $300,000.00 or as further established at trial, and punitive damages in such amount as the jury may deem appropriate;

    b. On defendant's third claim for relief, for declaratory judgment against plaintiff's new or revised Rules & Regulations, declaring those which adversely affect and are discriminatory against defendant's intended group home for handicapped individuals to be null and void and further declaring that the board's adoption of said revised Rules & Regulations were adopted in an inappropriate or illegal manner and are therefore of no legal effect.

    c. Upon all claims, for judgment against plaintiff for defendants' costs and disbursements and for defendant's reasonable attorney fees incurred herein; and

    d. For such other relief as the court may deem equitable and just & Defendant demands a jury trial.

                          Bevans & Cooper, LLC

                          _____
                          By Russell D. Bevans, OSB #73028
                          Christopher D. Bevans, OSB 070948
                          Of Attorney for Defendants Roberts
                          895 Country Club Rd, Suite C-175
                          Eugene, OR 97401
                          Telephone: (541) 484-0332;
                          Facsimile: (541) 484-0322